UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MATTHEW TITZER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:21-cv-1853 |
| | ) |
| INDIANA UNIVERSITY HEALTH, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Matthew Titzer ("Titzer"), brings this action against Defendant, Indiana University Health, Inc. ("Defendant"), for unlawfully violating his rights as protected by the Americans With Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), and the Age Discrimination in Employment Act ("ADEA").

## PARTIES

2. Titzer has resided within the Southern District of Indiana at all relevant times.

3. Defendant is a corporation doing business within the Southern District of Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 29 U.S.C. § 2617(a)(2); 29 U.S.C. § 626(c); and 42 U.S.C. § 12117.

5. Titzer was an "employee" within the meaning of 42 U.S.C. § 12111(4), 29 U.S.C. § 2611(3), and 29 U.S.C. § 630(f).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A), 29 U.S.C. § 630(b), and 29 U.S.C. § 2611(4).

7. Between May 1, 2018, and May 1, 2019, Titzer was an "eligible employee" as that

term is defined by the FMLA.

8. Titzer had a "serious health condition," as that term is defined by the FMLA, in 2019.

9. Since January 1, 2019, Defendant has employed 50 or more employees within a 75-mile radius of the location at which Titzer worked.

10. Titzer worked 1,250 or more hours in the 12-month period preceding May 1, 2019.

11. Titzer satisfied his obligations to exhaust his administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued a right-to-sue notice to Titzer. He now timely files his lawsuit.

12. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

13. Titzer is over the age of 40, is a qualified individual with a disability, has a record of a disability, and was regarded as disabled by Defendant.

14. Defendant hired Titzer on or about May 26, 2012.

15. Titzer was the Director of Food and Nutritional Services when Defendant fired him.

16. Titzer reported to Vice President of Operations Carrie Lahr ("Lahr").

17. Titzer's work performance met or exceeded Defendant's legitimate expectations at all relevant times.

18. Titzer requested and was approved for leave under the Family and Medical Leave Act ("FMLA") commencing on or about May 27, 2019.

19. Titzer's request for leave constituted a request for a reasonable accommodation.

20. Titzer had post-lateral fusion surgery on his spine (his disability) and required continuing treatment and recovery.

21. Titzer's impairments substantially limited him in several major life activities, including, but not limited to, walking, standing, and sleeping.

22. Titzer returned to work on or about September 1, 2019.

23. Upon Titzer's return to work, Lahr began making derogatory comments to Titzer about his disability, weight, FMLA leave, age, and baldness.

24. Lahr made the offensive comments to Titzer multiple times in or about September and October 2019, including in front of other employees, such as COO Paul Haut ("Haut").

25. For instance, Lahr described Titzer as having difficulty getting around (e.g., crippled), overweight, and bald.

26. Lahr told Titzer multiple times that his department had suffered because he elected to have spinal surgery and to take FMLA.

27. Haut took no action, but merely laughed at Lahr's discriminatory and retaliatory comments about Titzer.

28. On or about October 16, 2019, Titzer complained about the harassment to Human Resources Manager Kaitlinn Mullenix ("Mullenix") and then to Vice President of Human Resources Lorie Ortiz ("Ortiz").

29. Ortiz referenced the personality profile tests that Lahr and Titzer had taken and that, based on the tests, he should handle the situation directly by confronting Lahr. Defendant placed the responsibility on Titzer to address the harassment.

30. On or about October 25, 2019, Titzer confronted Lahr and told her that he opposed her harassment of him based on age, disability, and FMLA.

31. Lahr told Titzer that Ortiz had told her that she believed Lahr was discriminating

against him.

32. Despite Titzer's statutorily-protected complaint, Lahr continued to make derogatory comments about his protected leave under the FMLA and the Americans With Disabilities Act ("ADA) up to and including on or about May 12, 2020, when she issued a performance review to him.

33. During the performance review meeting, Lahr again referenced how Titzer's department had suffered during his FMLA leave because he had made the choice to have surgery and take FMLA leave.

34. Lahr reduced his performance review because of his disability and FMLA leave.

35. On or about May 18, 2020, Titzer met with Lahr, Mullenix, and Human Resources Consultant Kruti Patel for an investigative interview.

36. During the interview, Titzer referred to his prior complaint about age, disability, and FMLA discrimination.

37. Lahr then angrily responded: "Am I being investigated."

38. Titzer subsequently renewed his prior complaint against Lahr in an email to Ortiz.

39. Titzer's complaints constituted statutorily-protected conduct.

40. Defendant fired Titzer on or about May 21, 2020.

41. Defendant did not accord progressive discipline to Titzer.

42. Defendant replaced Titzer with an employee, who is substantially younger, not disabled, does not have a record of a disability, has not been regarded as disabled by Defendant, and/or has not engaged in statutorily-protected activity.

43. Defendant has accorded more favorable employment terms and conditions to

similarly-situated employees outside Titzer's protected classes.

44. Defendant took adverse employment actions against Titzer because of his age, his disability, his record of a disability, its perception of him being disabled, his FMLA requests, his FMLA-qualifying leaves, and/or his statutorily-protected conduct.

45. All reasons proffered by Defendant for adverse actions it took regarding Titzer's employment are pretextual.

46. Titzer has suffered injury and harm as a result of Defendant's unlawful actions, including, but not limited to, lost wages, lost benefits, inconvenience, humiliation, embarrassment, anger, disgust, frustration, and similar emotions.

## COUNT I

## DISABILITY DISCRIMINATION – ADA

47. Titzer hereby incorporates paragraphs 1-46 of his Complaint.

48. Defendant took adverse employment actions against Titzer because of his disability, his record of a disability, and/or its perception of him being disabled.

49. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Titzer's rights as protected by the ADA.

## COUNT II

## RETALIATION – ADA

50. Titzer hereby incorporates paragraphs 1-49 of his Complaint.

51. Titzer asked for a reasonable accommodation, thereby engaging in statutorily-protected conduct.

52. Titzer complained about disability discrimination, thereby engaging in statutorily-

protected activities.

53. Defendant took adverse employment actions against Titzer because of his statutorily-protected conduct.

54. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Titzer's rights as protected by the ADA.

## COUNT III

## AGE DISCRIMINATION – ADEA

55. Titzer hereby incorporates paragraphs 1-54 of his Complaint.

56. Defendant took adverse employment actions against Titzer because of his age.

57. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Titzer's rights as protected by the ADEA.

## COUNT IV

## RETALIATION – ADEA

58. Titzer hereby incorporates paragraphs 1-57 of his Complaint.

59. Titzer complained about age discrimination, thereby engaging in statutorily-protected activities.

60. Defendant took adverse employment actions against Titzer because of his statutorily-protected conduct.

61. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Titzer's rights as protected by the ADEA.

## COUNT V

## VIOLATIONS OF THE FMLA

62. Titzer hereby incorporates paragraphs 1-61 of his Complaint.

63. Titzer took FMLA leave.

64. Titzer complained about FMLA discrimination and retaliation to Defendant.

65. Defendant took adverse employment actions against Titzer because of his FMLA qualifying leave and statutorily-protected complaints.

66. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Titzer's FMLA rights.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Matthew Titzer, by counsel, respectfully requests that this Court find for him and order that:

1. Defendant reinstate Titzer to the same position, salary, and seniority, or pay front pay and benefits to him in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Titzer;

3. Defendant pay compensatory and punitive damages to Titzer;

4. Defendant pay liquidated damages to Titzer;

5. Defendant pay pre- and post-judgment interest to Titzer;

6. Defendant pay Titzer's attorneys' fees and costs incurred in litigating this action; and

7. Defendant pay to Titzer any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Bradley L. Wilson, Attorney No. 21154-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone: (317)955-9500
Facsimile: (317)955-2570
Email: jhaskin@jhaskinlaw.com
Email: bwilson@jhaskinlaw.com
Attorneys for Plaintiff, Matthew Titzer

## DEMAND FOR JURY TRIAL

Plaintiff, Matthew Titzer, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Bradley L. Wilson, Attorney No. 21154-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone: (317)955-9500
Facsimile: (317)955-2570
Email: jhaskin@jhaskinlaw.com
Email: bwilson@jhaskinlaw.com